IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, and ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT<br><br>Plaintiffs,<br><br>v.<br><br>AL SOLAR A, LLC<br><br>Defendant. | Civil Action No. 3:22-cv-00658 |

## COMPLAINT

Plaintiffs, the United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), with respect to its claims under federal law; and the State of Alabama and the Alabama Department of Environmental Management ("ADEM"), by the authority of the Alabama Attorney General's Office, with respect to its state law claims, file this Complaint and allege as follows:

## NATURE OF ACTION

1.  This is a civil action for civil penalties under the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), against AL Solar A, LLC ("AL Solar" or "Defendant"). During construction of a solar energy facility near LaFayette, Alabama ("the Site"), Defendant discharged stormwater without authorization by a permit in violation of the CWA, 33 U.S.C. § 1311, and failed to comply with the conditions and limitations of a permit issued by ADEM

pursuant to 33 U.S.C. § 1342.  Discharges of excess sediment to nearby waterways impacts aquatic life and habitats and water quality.  This action also is brought pursuant to the Alabama Water Pollution Control Act ("AWPCA"), Ala. Code §§ 22-22-1 through 22-22-14, *as amended*.

## JURISDICTION, VENUE AND NOTICE

2. This Court has jurisdiction over the subject matter of this action.  33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345 and 1355.  This Court has jurisdiction over ADEM's claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because they are related to the federal claims and form part of the same case or controversy.

3. Venue is proper in this district, because AL Solar conducts business in this District and because the violations occurred in this District.  33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391 and 1395

4. The United States has provided notice of the commencement of this action to the State of Alabama in accordance with 33 U.S.C. § 1319(b).

5. Authority to bring this action is vested in the United States Department of Justice under 28 U.S.C. §§ 516 and 519.

6. Authority to bring this action on behalf of the State of Alabama is vested in the Attorney General under Ala. Code §§ 22-22A-5(12), 22-22A-5(18), *as amended*.  ADEM is also authorized to bring an action under Ala. Code §§ 22-22A-5(12) and (18).

## DEFENDANT

7. Defendant AL Solar is a limited liability company formed in Delaware, with its principal place of business in Florida.  Because it is an association, AL Solar is a "person" as defined in 33 U.S.C. § 1362(5), 40 C.F.R. § 122.2; and pursuant to Ala. Code § 22-22-1(b)(7), ADEM Admin Code r. 335-6-6-.02(ll).

8. AL Solar is registered as a foreign limited liability company in Alabama.

## LEGAL AUTHORITY

A. Statutory & Regulatory Background

9. The Clean Water Act is designed to restore and maintain the chemical, physical and biological integrity of the nation's waters. 33 U.S.C. § 1251(a).

10. To accomplish the objectives of the Act, the CWA prohibits the "discharge of any pollutant" by any person except in certain circumstances, such as in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit issued by EPA, or an authorized state. 33 U.S.C. § 1311(a).

11. The CWA defines the term "discharge of a pollutant" as, inter alia, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

12. The CWA defines "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). "Waters of the United States" has been further defined to include, among other things, waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, and tributaries of such waters. 40 C.F.R. § 122.2 (1993).

13. The CWA defines a "point source" as "any discernable, confined and discrete conveyance… from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

14. The CWA requires a permit for stormwater discharges "associated with industrial activity." 33 U.S.C. § 1342(p).

15. "Industrial activity" includes construction activity that disturbs five acres or more of total land area. 40 C.F.R. § 122.26(b)(14)(x). Construction activity includes "clearing, grading, and excavation." Id.

16. States may issue their own stormwater permits for discharges into navigable waters within their jurisdiction if they are authorized by EPA to do so. 33 U.S.C. § 1342(b).

17. EPA promulgated regulations relating to the control of stormwater discharges at 40 C.F.R. § 122.26. Any state-authorized permitting authority must include such requirements in its NPDES permitting program.

18. Persons who discharge or who propose to discharge stormwater "associated with industrial activity" are required to apply for an individual permit or to seek coverage under a promulgated stormwater general permit. *See* 40 C.F.R. §§ 122.21(a), 122.26(c), 122.28, 123.25.

19. Persons who discharge or who propose to discharge stormwater associated with construction activity covered by 40 C.F.R. § 122.26(b)(14)(x) must submit an application 90 days before the date construction is to commence, or by the deadlines provided by the terms of any applicable general permit. 40 C.F.R. § 122.21(c). Application under a general permit is made by submitting a Notice of Intent ("NOI"), and submission of a complete and timely NOI provides the discharger with coverage under the general permit by the date specified in the permit unless notified otherwise by EPA. *See* 40 C.F.R. § 122.28(b)(2). At all times relevant to this Complaint, the State of Alabama, through ADEM, was an authorized permitting authority.

20. The State of Alabama's analogous state laws require a permit for discharges of stormwater associated with construction activity that disturbs one acre or greater to state waters. ADEM Admin. Code r. 335-6-12-.02(m).

B. <u>The Alabama Construction General Permit</u>

21. At all times relevant to this Complaint, the State of Alabama, through ADEM, was authorized to issue its own permits for the discharge of stormwater associated with construction activity.

22. On March 29, 2016, ADEM issued General Permit No. ALR100000 for Stormwater Discharges from Construction Activity ("Alabama Permit"). The Alabama Permit became effective on April 1, 2016 and expired on March 31, 2021. The 2016 permit was applicable at all times relevant to this Complaint.

23. A person must obtain coverage under the Alabama Permit prior to discharging stormwater if that person engages in construction that meets the definition of "industrial activity" pursuant to 40 C.F.R. § 122.26(b)(14)(x) and ADEM Admin. Code r. 335-6-12-.02(m), 335-6-12-.06.

24. Pursuant to the Alabama Permit, any person wishing to obtain coverage under the general permit must submit a complete Notice of Intent ("NOI") prior to the initiation of construction activity. Alabama Permit, Part II.A.1.

25. The NOI is required to include, among other information, a general description of the activity for which permit coverage is desired; the latitude and longitude of each point of discharge for which permit coverage is required; identification of the waterbodies receiving discharges for which permit coverage is desired; and the number of estimated disturbed acres and total site acreage. Alabama Permit, Part II.C.1. The NOI must be signed and certified both by an authorized official of the applicant, and by a qualified credentialed professional, such as a licensed professional engineer or a Certified Professional in Erosion and Sediment Control. Alabama Permit, Part II.

26. Pursuant to the Alabama Permit, an operator is authorized to discharge stormwater associated with construction activity to surface waters in accordance with the requirements of the Alabama Permit upon ADEM's receipt of a complete and timely NOI which

meets the requirements of the permit and ADEM Admin Code r. 335-6-6-.23.  Alabama Permit, Parts I.A and II.F.1.

27.     Discharges from points that are not listed in the NOI are not authorized by the Alabama Permit.  Alabama Permit, Part IV.A.3.

28.     The Alabama Permit requires permittees to design, install, and maintain site-appropriate best management practices ("BMPs") to minimize the amount of the soil exposed during construction activity.  Alabama Permit, Part III.A.  BMPs are structural and non-structural practices and management strategies implemented and maintained to prevent and minimize the introduction of pollutants to stormwater and to treat stormwater to remove pollutants prior to discharge.  Alabama Permit, Part V.  BMPs selected for a site must comply with technical standards outlined in the Alabama Permit and be described in detail in a Construction Best Management Practices Plan ("CBMPP") prepared for the site.  Alabama Permit, Part III.

29.     A permittee may not commence construction activity until a CBMPP has been prepared and certified by a qualified credential professional.  Alabama Permit, Part III.E.  The CBMPP must, among other items, include a site map clearly showing all points of discharges to waters of the State; a description of procedures for removal of sediment accumulation; and a detailed description of BMPs to be implemented at the site during each sequence of activity.  Alabama Permit, Part III.E.4.  The Alabama Permit requires that a permittee properly implement and regularly maintain the controls, practices, devices, and measures specified in the CBMPP.  Alabama Permit, Part III.E.3.

## FEDERAL ENFORCEMENT AUTHORITY

30. If a state NPDES program is approved pursuant to 33 U.S.C. § 1342(b), the Administrator of EPA retains the authority to take enforcement action under Section 309 of the CWA, 33 U.S.C. § 1319.  33 U.S.C. § 1342(i).

31. The CWA authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of 33 U.S.C. §§ 1311, 1318, or of any condition or limitation in a permit issued pursuant to 33 U.S.C. § 1342, including state permits.  33 U.S.C. § 1319(b)

32. The CWA provides, in part, that any person who violates 33 U.S.C. §§ 1311, 1318, or any condition or limitation in a permit issued pursuant to 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $59,973 per day for each such violation occurring after November 2, 2015, where penalties are assessed on or after January 12, 2022.  33 U.S.C. § 1319(d); 87 Fed. Reg. 1676 (Jan. 12, 2022) (codified at 40 C.F.R. pt. 19).

## STATE ENFORCEMENT AUTHORITY

33. Pursuant to Ala. Code § 22-22A-5(18) and (19) and ADEM Admin. Code 335-6-6-.12(a)(3), ADEM is authorized to seek civil penalties not to exceed $25,000 per violation, and injunctive relief, for violations of the AWPCA, its implementing regulations, or conditions of permits issued by ADEM pursuant to the AWPCA.  Pursuant to Ala. Code § 22-22A-5(18)(c), each day of violation is a separate violation of the AWPCA.

## ALLEGATIONS

### A. Construction at the Site

34. The Site consists of over 1000 acres of previously undeveloped land, which included overgrown fields, wooded areas, and recently timbered areas, located at 11375 County Road 83, LaFayette, Alabama.

35. AL Solar is the owner of the Site and has been the owner, or lessee, of the Site since at least February 8, 2017.

36. Between at least March 2017 through November 7, 2019, the Site was developed into a 79.2-megawatt solar generation site (commonly known as a solar farm) consisting of solar panel arrays, inverters, a substation, and associated roads for service, maintenance, and access.

37. Between at least March 13, 2017 through November 7, 2019, AL Solar hired contractors to perform the following activities on at least 700 acres of land at the Site: clearing timber and vegetation; stumping and removing brush; grading and regrading; constructing solar panel arrays, a substation, roads, and perimeter fences; installing electrical cables; and earthworks.

38. The activities described in Paragraph 37 are "construction" and "construction activity" within the meaning of 40 C.F.R. § 122.26(b)(14)(x), ADEM Admin. Code r. 335-6-12-.02(e), (g), and (m), and the Alabama Permit, Part V.

39. Between February 8, 2017 through at least November 7, 2019, AL Solar was an "operator" of the Site within the meaning of Part V of the Alabama Permit and ADEM Admin. Code r. 335-6-6-.02(ii) and an "owner or operator" of the Site within the meaning of 40 C.F.R. § 122.2.

40. At least thirty-three (33) unnamed tributaries run through or near the Site and discharge to Kellem Hill Creek. These tributaries are intermittent, perennial tributaries that discharge to Kellem Hill Creek.

41. Kellem Hill Creek is approximately 4.7 miles long, runs through a small portion of the Site, and flows approximately four miles from the Site to the confluence with Oseligee Creek, which in turn discharges to the Chattahoochee River.

42. The Chattahoochee River is a traditionally navigable water. Oseligee Creek, Kellem Hill Creek and its unnamed tributaries have relatively permanent flow.

43. Kellem Hill Creek and its unnamed tributaries, Oseligee Creek, and the Chattahoochee River constitute "navigable waters" and "waters of the United States" within the meaning of 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2 (1993), and "waters of the State," within the meaning of Ala. Code § 22-22-1, *as amended*, ADEM Admin. Code r. 335-6-6-.02(fff).

44. The construction activities at the Site resulted in the discharge of stormwater from the Site. The stormwater passed through the Site itself, sediment basins, outfalls, silt fences, berm seeps, and other discrete conveyances, to Kellem Hill Creek directly or to the unnamed tributaries of Kellem Hill Creek, traveled downstream to Oseligee Creek, and ultimately into the Chattahoochee River.

45. The stormwater discharges from the Site during construction activities constitute discharges of a "pollutant" within the meaning of 33 U.S.C. §§ 1311, 1362(6), 1362(12) and ADEM Admin. Code r. 335-6-6-.02(mm).

B. Permit Coverage for the Site

46. On or about August 28, 2016, AL Solar submitted a NOI to be covered by the Alabama Permit and identified 775 acres to be disturbed for activities including land clearing, grubbing, and grading. The NOI requested permit coverage for seven (7) outfalls that discharge to Kellem Hill Creek.

47. In a letter dated September 4, 2016, ADEM confirmed that AL Solar was granted coverage under the Alabama Permit for the Site. ADEM confirmed that coverage under the Alabama Permit did not authorize the discharge of any pollutant or wastewater that was not specifically identified in the permit and in the NOI.

48. On or about June 28, 2017, a contractor for AL Solar submitted a NOI requesting that the Alabama Permit coverage granted to AL Solar for the Site be transferred to the contractor.  The NOI identified 986 acres to be disturbed and requested permit coverage for one outfall that discharged to Kellem Hill Creek.

49. In a letter dated July 10, 2017, ADEM confirmed that coverage under the Alabama Permit had been modified to name the contractor for AL Solar as the permittee. ADEM confirmed that coverage under the Alabama Permit did not authorize the discharge of any pollutant or wastewater that was not specifically identified in the permit and in the NOI.

50. A Notice of Termination ("NOT") to terminate coverage for the Site under the Alabama Permit was submitted to ADEM on November 4, 2019.  The NOT was accompanied by a certified statement by a professional engineer that the Site was stabilized.  Coverage under the Alabama Permit for activities at the Site ended on November 7, 2019.

    C.    <u>Investigations of the Site</u>

51. On August 22, 2017, ADEM personnel inspected the Site to determine its compliance with the Alabama Permit and the Alabama Water Pollution Control Act.

52. During the inspection, an ADEM inspector observed that the Site discharged stormwater to Kellem Hill Creek and unnamed tributaries to Kellem Hill Creek from multiple discharge points that were not listed on the NOI.

53. ADEM informed the permittee of this failure, among others, in a Notice of Violation dated September 12, 2017.

54. On or about December 13, 2017, the permittee submitted a revised NOI to ADEM that included 33 locations at which stormwater run-off from the Site entered receiving waters.

On or about December 15, 2017, ADEM confirmed that coverage under the Alabama Permit had been modified to include coverage for the additional discharge points.

55. On November 30, 2018, representatives of EPA and ADEM inspected the Site to evaluate its compliance with the stormwater requirements of the CWA and its implementing regulations, the State of Alabama's construction stormwater regulations, and the Alabama Permit.

56. During the inspection, EPA inspectors observed evidence that sediment had discharged from multiple locations at the Site, including an eroded containment channel, an eroded gully, and the tops of sediment basins, that were not outfalls listed on the operative NOI, and had reached Kellem Hill Creek or unnamed tributaries of Kellem Hill Creek.

57. Each of the discharge points listed in Paragraph 56 is a "point source" within the meaning of the CWA, 33 U.S.C. §§ 1362(14) and 1342(p); 40 C.F.R. §§ 122.2 and 122.26; and ADEM Admin. Code r. 335-6-6-.03(1), (2).

58. In response to a request for information issued by EPA pursuant to 33 U.S.C. § 1318, the contractor for the Site provided EPA with documentation including, among others, the CBMPPs for the Site between March 13, 2017 and July 9, 2017.

59. Based on a review of that information, EPA identified that, between at least March 13, 2017 and July 9, 2017, the CBMPP for the Site failed to include detailed descriptions, including site-specific dimensions, storage capacity, and drainage calculations, for engineered BMPs that complied with the Alabama Handbook. In addition, the CBMPP did not include a description of procedures for removal of accumulated sediment or other pollutants in water course conveyances within or immediately outside the Site.

## FIRST CLAIM FOR RELIEF

### (Discharges in Violation of Section 301 of the CWA)

60. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 59.

61. Between at least March 13, 2017 and November 30, 2018, on multiple occasions while construction activities were ongoing, stormwater was discharged to Kellem Hill Creek or unnamed tributaries of Kellem Hill Creek from locations on the Site that were not listed on the operative NOI for the Site.

62. Each of the discharges described in the previous paragraph was a discharge of pollutants, by AL Solar, from a point source to waters of the United States and waters of the State that was not authorized by the Alabama Permit or any permit issued pursuant to 33 U.S.C. § 1342, and is a violation of the CWA, 33 U.S.C. § 1319, and ADEM Admin. Code r. 335-6-6-.03(1), (2).

63. As described in Paragraphs 30 – 32, for each violation referred to in this Claim for Relief, the United States is entitled to civil penalties, pursuant to 33 U.S.C. § 1319.

64. As described in Paragraph 33, for each violation referred to in this Claim for Relief, ADEM is entitled to civil penalties, pursuant to Ala. Code § 22-22A-5(18)(a), (c) and (19), *as amended*, and ADEM Admin. Code 335-6-6-.12(a)(3).

## SECOND CLAIM FOR RELIEF

### (Failure to Comply with the Alabama Permit)

65. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 59.

66. Between at least March 13, 2017 and July 9, 2017, AL Solar failed to comply with the conditions and limitations of the Alabama Permit, because the CBMPP for the Site failed to include information required by Part III.E.4 of the Permit.

67. Each failure to comply with the Alabama Permit is a separate violation of the conditions or limitations of the Alabama Permit by AL Solar.

68. As described in Paragraphs 30 - 32, for each day of violation of a condition or limitation of the Alabama Permit referred to in this Claim for Relief, the United States is entitled to civil penalties, pursuant to 33 U.S.C. § 1319.

69. As described in Paragraph 33, for each violation referred to in this Claim for Relief, ADEM is entitled to civil penalties, pursuant to Ala. Code § 22-22A-5(18)(a), *as amended,* and ADEM Admin. Code 335-6-6-.12(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America and ADEM respectfully request that the Court grant the following relief:

1. Order AL Solar to pay civil penalties to the United States, pursuant to 33 U.S.C. § 1319(d), for each day of violation of the CWA;

2. Order AL Solar to pay civil penalties to ADEM, pursuant to Ala. Code § 22-22A-5(18), *as amended*, for each violation;

3. Award the United States and ADEM their costs and disbursements in this action; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


 /s/ Sheila McAnaney
SHEILA McANANEY (IL Bar #6309635)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044
Phone: (202) 616-6535
E-mail: sheila.mcananey@usdoj.gov


STEVE MARSHALL
Alabama Attorney General

 /s/ Rebecca E. Patty (with consent)
REBECCA E. PATTY
Assistant Attorney General
Alabama Bar No. 5296Y61R
Alabama Department of Environmental Management
Post Office Box 301463
Montgomery, AL 36110
Telephone: (334) 272-7855
E-mail: rep@adem.alabama.gov


OF COUNSEL:

MICHELE WETHERINGTON
Associate Regional Counsel
U.S. Environmental Protection Agency, Region IV
61 Forsyth Street, S.W.
Atlanta, Georgia 30303